## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| NANCY G. MALONEY, Derivatively on Behalf of FORTERRA, INC., | § § § | Civil Action No. : 3:18-cv-1980 |
| Plaintiff, | § § | |
| vs. | § § | |
| JEFFREY K. BRADLEY, W. MATTHEW BROWN, LORI M. BROWNE, WILLIAM KERFIN, KYLE S. VOLLUZ, KEVIN BARNER, ROBERT CORCORAN, SAMUEL D. LOUGHLIN, CLINT McDONNOUGH, JOHN McPHERSON, CHRIS MEYER, JACQUES SARRAZIN, CHADWICK S. SUSS and GRANT WILBECK, | § § § § § § § § § § § | |
| Defendants, | § § | |
| – and – | § § | |
| FORTERRA, INC., a Delaware corporation, | § § | |
| Nominal Defendant. | § | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON CONVENIENS, FAILURE TO MAKE A PRE-SUIT DEMAND PURSUANT TO RULE 23.1, AND FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

**SIDLEY AUSTIN LLP**
Yvette Ostolaza
Angela C. Zambrano
Yolanda C. Garcia
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Attorneys for Nominal Defendant Forterra, Inc., and Individual Defendants Jeffrey Bradley, Lori M. Browne, Kyle S. Volluz, Kevin Barner, Robert Corcoran, Samuel D. Loughlin, Clint McDonnough, John McPherson, Chris Meyer, Chadwick Suss, and Grant Wilbeck*

**AKIN GUMP STRAUSS HAUER & FELD LLP**
M. Scott Barnard
Michelle A. Reed
Daniel S. Park
Erin M. Brewer
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Attorneys for William Matthew Brown*

# TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ........................................................................................1

II.  ARGUMENTS AND AUTHORITIES...............................................................................2

    A.  *Atlantic Marine* Requires Dismissal. ...................................................................2

        1.  Supreme Court and Fifth Circuit Precedent Hold Dismissal Is the Proper Way to Enforce a Mandatory FSC Pointing to a State Forum. ..................................................2

        2.  Other Litigation Against Parties that Are Not Subject to the FSC Is Irrelevant, and Plaintiff's Choice of Forum Merits No Deference. ......................................................2

        3.  Plaintiff Ignores the Plainly Mandatory Language of the Clause and Omits that, by Statute, Delaware Courts Have Personal Jurisdiction Over All Defendants. ...............3

        4.  Plaintiff Fails to Establish that This Is a Truly Exceptional Case Where Plaintiff's Agreed-Upon Forum Should Be Disregarded Based on Public-Interest Factors. .........4

    B.  Plaintiff Fails to Plead Demand Futility. ..........................................................6

        1.  Plaintiff Cannot Amend the Complaint Through Briefing. ..........................................6

        2.  Plaintiff Fails to Establish a Substantial Likelihood of Liability.................................8

III.  CONCLUSION...................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
   571 U.S. 49 (2013) .......................................................................................................1, 2, 3, 5

*Billard v. Angrick*,
   220 F. Supp. 3d 132 (D.D.C. 2016) ...................................................................................6

*Blanco v. Banco Indus. de Venezuela, S.A.*,
   997 F.2d 974 (2d Cir. 1993).................................................................................................3

*Brehm v. Eisner*,
   746 A.2d 244 (Del. 2000) ................................................................................................6, 10

*In re Citigroup Inc. S'holders Litig.*,
   No. 19827, 2003 WL 21384599 (Del. Ch. June 5, 2003) ........................................................9

*In re Forterra Inc. Sec. Litig.*,
   No. 3:18-cv-01957-K (N.D. Tex. July 27, 2018), ECF No. 76 ........................................3, 7, 8

*In re Goldman Sachs Grp., Inc. S'holder Derivative Litig.*,
   No. 5215-VCG, 2011 WL 4826104 (Del. Ch. Oct. 12, 2011).................................................9

*In re INFOUSA, Inc. Shareholders Litig.*,
   953 A.2d 963 (Del. Ch. 2007)...........................................................................................10

*Ins. Co. of N. Am. v. Ozean/Stinnes-Linien*,
   367 F.2d 224 (5th Cir. 1966) .................................................................................................3

*Butorin ex rel. KBR, Inc. v. Blount*,
   106 F. Supp. 3d 833 (S.D. Tex. 2015) ..................................................................................2

*LaBar v. ABC Med. Holdings, Inc.*,
   No. 3:13-cv-2551-B, 2014 WL 1714468 (N.D. Tex. Apr. 30, 2014) ......................................4

*Lee v. Bradley*,
   No. 1:19-cv-00089-CFC (D. Del. Jan. 15, 2019).....................................................................4

*Muttathottil v. Mansfield*,
   381 F. App'x 454 (5th Cir. 2010) ..........................................................................................7

*Pennzoil Co. v. Getty Oil Co.*,
   473 A.2d 358 (Del. Ch. 1984)................................................................................................5

*In re Plains All Am. Derivative Litig.*,
   No. CV H-15-3632, 2016 WL 6634929 (S.D. Tex. Nov. 8, 2016) ...........................................5

*Seminaris v. Landa*,
    662 A.2d 1350 (Del. Ch. 1995)............................................................................................8

*Skidmore Energy, Inc. v. KPMG LLP*,
    No. 3:03CV2138-B, 2004 WL 3019097 (N.D. Tex. Dec. 28, 2004)........................................7

*Spellman v. Katz*,
    No. 1838-VCN, 2009 WL 418302 (Del. Ch. Feb. 6, 2009)....................................................8

*Stone v. Ritter*,
    911 A.2d 362 (Del. 2006) ........................................................................................................9

*Weber v. PACT XPP Techs., AG*,
    811 F.3d 758 (5th Cir. 2016) ........................................................................................2, 4, 5

*Wilkin v. Narachi*,
    No. CV 12412-VCMR, 2018 WL 1100372 (Del. Ch. Feb. 28, 2018)...................................10

## Statutes/Rules

28 U.S.C. § 1404(a) ................................................................................................................1

28 U.S.C. § 1406(a) ................................................................................................................2

Del. Code tit. 10, § 3114 .........................................................................................................4

Fed. R. Civ. P. 12(b) .........................................................................................................2, 10

Fed. R. Civ. P. Rule 23.1 ......................................................................................................10

## I.   PRELIMINARY STATEMENT

Plaintiff must litigate this derivative action in a Delaware state court because of a mandatory forum-selection clause ("FSC") in Forterra's Certificate of Incorporation ("Certificate"), to which Plaintiff was bound upon her purchase of Forterra common stock.[1] That FSC is entitled to "controlling weight in all but the most exceptional cases."[2]  Plaintiff's Opposition (ECF No. 24) grossly misconstrues Supreme Court and Fifth Circuit precedent that requires dismissal under the doctrine of *forum non conveniens*, instead incorrectly arguing that transfer under 28 U.S.C. § 1404(a) is the proper procedural remedy.  This is not the law. Plaintiff next argues that her choice of forum merits "great deference" despite controlling authority that her choice of forum merits no deference at all.  Nor can Plaintiff avoid the FSC based on a supposed lack of personal jurisdiction over certain parties in Delaware or scatter-shot § 1404(a) arguments.  Dismissal is required under the doctrine of *forum non conveniens*.

The binding and enforceable FSC should end the Court's analysis.  However, the Court should also dismiss Plaintiff's claims because the allegations in the Complaint fail to satisfy the exacting factual particularity requirements necessary to establish demand futility under Delaware law.  The Opposition makes no effort to address the pleading deficiencies identified in the Motion, to offer contrary Delaware authority, or to distinguish the authority Defendants cited. Instead, Plaintiff simply repeats conclusory allegations from the Complaint and attempts to impermissibly amend the Complaint through briefing.  Plaintiff cannot supplement her allegations in response to a motion to dismiss, and even if she could, she still fails to allege particularized facts, on a director-by-director basis, sufficient to excuse demand.

---

[1] Defendants hereby incorporate the definitions used in their Motion (ECF No. 19) except as expressly set forth herein.

[2] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)) (internal quotation marks omitted).

## II.    ARGUMENTS AND AUTHORITIES

### A.    *Atlantic Marine* Requires Dismissal.

1.    Supreme Court and Fifth Circuit Precedent Hold Dismissal Is the Proper Way to Enforce a Mandatory FSC Pointing to a State Forum.

Plaintiff spends three full pages of her Opposition arguing that transfer is the appropriate remedy rather than dismissal.  (*See* Opp. 6-8.)[3]  This misdirection effort grossly misreads *Atlantic Marine* and its progeny, which hold that the proper way to enforce a mandatory FSC pointing to a state court is <u>dismissal</u>, not transfer.  *Atl. Marine*, 571 U.S. at 60-61.[4]  As the Fifth Circuit stated in *Weber*, the "**proper mechanism to enforce an FSC that calls for litigation in a domestic state court . . . is through a motion to dismiss on grounds of FNC.**"  *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016) (emphasis added).  Dismissal is the only appropriate way to enforce the parties' agreement.  *See Atl. Marine*, 571 U.S. at 60-61.[5]  Plaintiff's remaining arguments do not negate the clause's "controlling weight."  *Id.* at 63.

2.    Other Litigation Against Parties that Are Not Subject to the FSC Is Irrelevant, and Plaintiff's Choice of Forum Merits No Deference.

Plaintiff argues throughout the Opposition that the Court should ignore the Certificate's FSC because certain Defendants sought to litigate other matters in Dallas.  (*See* Opp. 9-12.)  But Plaintiff's argument ignores that the securities and employment litigations she describes are not

---

[3] The Opposition's section heading is "The Forum Selection Clause Is Not Enforceable," but Plaintiff fails to specify a single reason why it is not valid and enforceable.  (Opp. 6; *cf.* Mot. 7-8.)

[4] Plaintiff attempts to twist *Atlantic Marine* by arguing that dismissal under 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3) is only appropriate when venue is "wrong" or "improper."  (Opp. 6-7.)  That is a straw man because Defendants do not move to dismiss under these provisions.  Defendants moved to dismiss under Rule 12(b)(6) in the alternative if the Court was not inclined to dismiss based on *forum non conveniens*.  (*See* Mot. 8 n.9.)  But Plaintiff does not explain why this alternative basis is "erroneous" or "incorrect" when the Supreme Court in *Atlantic Marine* expressly did "not consider . . . if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause."  *Atl. Marine*, 571 U.S. at 61; (Opp. 8 n.5).

[5] Plaintiff's reliance on *Butorin ex rel. KBR Inc. v. Blount*, 106 F. Supp. 3d 833 (S.D. Tex. 2015), is inapposite.  (*See* Opp. 7 n.4.)  Unlike the plaintiff in *Butorin*, Plaintiff does not assert any exclusively federal claims here that would deprive a Delaware state court of jurisdiction—Plaintiff only asserts state-law derivative claims based on alleged breaches of fiduciary duties.  (*See, e.g.*, Compl. ¶¶ 1, 24-33, 71-76); *cf. Butorin*, 106 F. Supp. 3d at 837.

---

<u>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS</u>                                    **Page 2**

subject to a contractual FSC designating Delaware state court as the parties' agreed forum.  Nor

are they governed by Delaware law.  (*See, e.g.*, Pl.'s App., ECF No. 26 at 35-42; 170-74.)

Plaintiff cites no authority that a party waives a contractual FSC with one party by litigating or

seeking to litigate other matters with other parties in a different forum.[6]  Whether venue is proper

in Dallas in separate cases is irrelevant to whether this Court should enforce the Certificate's

FSC here in accordance with *Atlantic Marine*.[7]

     Plaintiff also asserts that the Certificate's FSC should not control because Plaintiff's

choice of forum in this District is entitled to deference.  (*See* Opp. 8-10, 12.)[8]  *Atlantic Marine*

actually says the opposite: "**the plaintiff's choice of forum merits no weight**."  571 U.S. at 63-

64 (emphasis added).  Simply stated, Plaintiff's attempt to avoid her contractually agreed forum

is not entitled to any deference under *Atlantic Marine*.

     3.    <u>Plaintiff Ignores the Plainly Mandatory Language of the Clause and Omits that,
by Statute, Delaware Courts Have Personal Jurisdiction Over All Defendants.</u>

     Plaintiff next attempts to evade enforcement of the FSC by arguing that it is not

mandatory.  Plaintiff cites no authority that the clause's language is permissive as opposed to

mandatory.[9]  The text itself is mandatory, as it provides that the "sole and exclusive forum" shall

be Delaware unless no state court within Delaware has jurisdiction.  (*See* Certificate § 13.1, ECF

---

[6] *Cf. Atl. Marine*, 571 U.S. at 66 ("When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations.").

[7] Plaintiff points to a fifty-year-old Fifth Circuit case as demonstrating that Defendants are "trifl[ing] with the judicial process."  (*See id.* at 11 n.7 (quoting *Ins. Co. of N. Am. v. Ozean/Stinnes-Linien*, 367 F.2d 224, 226-27 (5th Cir. 1966)).)  But *Insurance Company of North America* is inapplicable.  Defendants did not wait to enforce the FSC until after they secured a transfer to another district.  *See* 367 F.2d at 225-26.  Defendants moved to enforce the FSC at the outset of this case.  (*See* Mot. 1.)  The transfer of the federal securities case against Defendants (the "Section 11 Class Action") had already been effected before this case was even filed.  *See* Transfer Order, *In re Forterra Inc. Sec. Litig.*, No. 3:18-cv-01957-K (N.D. Tex. July 27, 2018), ECF No. 76.

[8] Plaintiff tellingly cites pre-*Atlantic Marine* decisions and cases that did not involve FSCs in support of this point. (*See id.* 9-10.)

[9] Plaintiff's citation to a Second Circuit case interpreting a non-mandatory FSC that reads actions "may be brought" in designated fora is inapt.  *Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 976, 979 (2d Cir. 1993).

<u>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**</u>       **Page 3**

No. 20 at 7); *see, e.g.*, *LaBar v. ABC Med. Holdings, Inc.*, No. 3:13-cv-2551-B, 2014 WL 1714468, at *1, 6-8 (N.D. Tex. Apr. 30, 2014) (Boyle, J.) (finding clause that provided "parties irrevocably and exclusively submit" to courts in two different jurisdictions was mandatory).

Plaintiff next attempts to re-write the FSC by asserting that the clause does not apply "unless all defendants are subject to personal jurisdiction in Delaware." (Opp. 10.) The FSC simply does not have this requirement in its plain text. (*See* Certificate § 13.1.) Nor is Plaintiff's bald assertion that Delaware courts lack personal jurisdiction over all Defendants correct, even if this were a requirement.[10] Title 10, section 3114 of the Delaware Code provides that nonresident current or former directors and officers of Delaware corporations consent to personal jurisdiction in "any action or proceeding against such [director or officer] for violation of a duty in such capacity." Del. Code tit. 10, § 3114(a), (b). Plaintiff offers no reason why section 3114 does not vest Delaware courts with personal jurisdiction over the Individual Defendants, each of whom is a current or former Forterra director or officer.[11]

    4.    <u>Plaintiff Fails to Establish that This Is a Truly Exceptional Case Where Plaintiff's Agreed-Upon Forum Should Be Disregarded Based on Public-Interest Factors.</u>

Having failed to avoid application of the FSC, Plaintiff may only avoid dismissal by meeting the "high burden of persuasion" of showing this is a "truly extraordinary case[]" where the *forum non conveniens* public-interest factors greatly outweigh the parties' contractual choice of forum. *Weber*, 811 F.3d at 775-76. Plaintiff argues that the relevant factors favor retaining the action in this District because Forterra is headquartered here, documents and witnesses are

---

[10] Plaintiff omits that, a week before she filed her Opposition, another plaintiff filed a derivative action on Forterra's behalf against these same Defendants in Delaware federal court. *See* Compl. ¶¶ 15-29, 121-29, *Lee v. Bradley*, No. 1:19-cv-00089-CFC (D. Del. Jan. 15, 2019) (asserting state-law claims as well as exclusively federal claims under Section 14(a) of the Exchange Act). Defendants believe the *Lee* matter also belongs in Delaware state court.

[11] Plaintiff's other arguments regarding the mandatory nature of the clause lack merit. Plaintiff selectively quotes language addressing stockholder consent to personal jurisdiction and service for purposes of enforcing the clause in foreign jurisdictions. Contrary to Plaintiff's assertions, this does not "expressly provide[]" that actions within the scope of the clause may be filed in courts other than the clause's mandated forum. (Opp. 10.)

<u>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS</u>        **Page 4**

here, and the Section 11 Class Action against Forterra is pending here.  (*See, e.g.*, Opp. 9 n.6, 10-12.)  But *Atlantic Marine* holds that "parties [who] agree to a forum-selection clause . . . **waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation**."  571 U.S. at 64 (emphasis added).  Instead, the Court may only consider the traditional public-interest factors set forth below, and Plaintiff does not come close to showing this is a "truly extraordinary case[]" that would outweigh enforcement of the mandatory FSC.  *Weber*, 811 F.3d at 776; *see Atl. Marine*, 571 U.S. at 62 n.6, 64, 67.

- Administrative difficulties flowing from court congestion.  Plaintiff argues that the median time from filing a lawsuit to trial is a mere 0.7 months longer in the U.S. District Court for the District of Delaware than in this District.  But the District of Delaware is the wrong forum.  Plaintiff cites no similar figures comparing this District to the agreed-upon forum for the claims Plaintiff has filed against Defendants:  Delaware state court.  (*See* Opp. 12-13.)  Plaintiff has met no burden here.

- Interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action.  Plaintiff contends that her claims only require application of well-settled Delaware law, which a Texas court can apply.  (*See* Opp. 13.)  Because a Delaware state court is "best suited to the task" of applying Delaware corporate law to a Delaware corporation, this factor weighs in favor of dismissal.  *In re Plains All Am. Derivative Litig.*, No. CV H-15-3632, 2016 WL 6634929, at *5 (S.D. Tex. Nov. 8, 2016).

- The unfairness of burdening citizens in an unrelated forum with jury duty.  Plaintiff does not address this factor.  Because there is no right to a jury trial in the Delaware Court of Chancery, *see Pennzoil Co. v. Getty Oil Co.*, 473 A.2d 358, 364 (Del. Ch. 1984), which would have subject-matter jurisdiction over this action, this factor favors dismissal.

- Local interest in having localized controversies decided at home.  Plaintiff argues that a judgment issued in Texas will be more easily enforceable in Texas and a trial likewise will be "easier, more expeditious, and inexpensive" because almost all of the Defendants are in Texas.  (*Id.* at 12.)[12]  But Delaware also has an interest in adjudicating Delaware state-law claims against a Delaware corporation.  At best, "this factor weighs only slightly, if at all, in favor of retention."  *In re Plains All Am.*, 2016 WL 6634929, at *5.

- Avoidance of unnecessary problems in conflict of laws, or in the application of foreign law.  Plaintiff insists that adjudicating this action in the same District as the pending Section 11 Class Action will avoid conflicting findings of fact.  (*See* Opp. 13.)  But

---

[12] These arguments address the parties' convenience or private interests and thus are improper under *Atlantic Marine*.  *See* 571 U.S. at 64.

Plaintiff cites no authority indicating that this concern is responsive to the relevant public-interest factor. This factor favors dismissal so a Delaware court can pronounce Delaware law rather than a federal court predicting such a ruling under *Erie*.[13]

The public-interest factors thus weigh in favor of dismissal. Plaintiff does not even approach her high burden to overcome the FSC, and the Complaint should be dismissed under the doctrine of *forum non conveniens*.

## B.     Plaintiff Fails to Plead Demand Futility.

The Court should also dismiss this action because Plaintiff's allegations fail to satisfy the "stringent requirements of factual particularity" necessary to establish demand futility. *See Brehm v. Eisner*, 746 A.2d 244, 254 (Del. 2000).[14]

### 1.     Plaintiff Cannot Amend the Complaint Through Briefing.

The Complaint does not plead particularized facts establishing that Lone Star has a disabling interest—*i.e.*, that it stands to receive some benefit or suffer some detriment that is different than what other stockholders received. (Mot. 12-14.) Plaintiff does not dispute that a disabling interest is necessary.[15] To avoid dismissal and meet her burden, however, Plaintiff informally relies on allegations in her Opposition that are **not** in the Complaint, including:

- That the "Relevant Period" defined in the Complaint is irrelevant, and that the misconduct alleged actually dates back to before the Company's 2016 IPO—a period Plaintiff stated was **outside** the scope of the Complaint. (*See* Compl. ¶ 62 n.1.)

---

[13] *See Billard v. Angrick*, 220 F. Supp. 3d 132, 142-43 (D.D.C. 2016). Any speculative judicial synergies to be gained by retaining this suit in the same District as the Section 11 Class Action do not outweigh the parties' contractual choice of forum. To the contrary, "judicial economy concerns cut both ways" and favor dismissal so that the parties can channel similar derivative actions against the Company to the agreed forum in Delaware state court. *Id.* at 139, 141-42, 142 n.9 (dismissing derivative suit in accordance with forum-selection bylaw despite federal securities action pending against defendant before the same court).

[14] Certain of Plaintiff's arguments recite allegations in the Complaint and thus fail for the reasons already addressed in the Motion, including Plaintiff's argument that McDonnough was conflicted because of his previous employment with E&Y (Opp. 20); that McDonnough, Meyer, and McPherson were conflicted because of their board committee memberships (Opp. 23-24); and that Bradley was conflicted because of his employment with Forterra (Opp. 19).

[15] Plaintiff's argument that certain of the directors allegedly "admitted in a filing with the SEC" that they are not independent because they are employed by Lone Star or its affiliates is immaterial because Plaintiff has not established that Lone Star has a disabling interest. (*See* Opp. 14; Mot. 12-14.)

- That Lone Star allegedly "caused Forterra . . . to fail to integrate their disparate accounting systems and to cause Forterra to operate without effective controls, resulting in it misstating its accounting, all in the lead up to taking the Company public." (Opp. 15-16.)

- That Lone Star caused the Company to misstate its financials in order to obtain "a liquid market into which to sell Forterra stock." (*See* Opp. 16.)

**These allegations are not in the Complaint**, and Plaintiff cannot amend her allegations in response to a motion to dismiss. *See Skidmore Energy, Inc. v. KPMG LLP*, No. 3:03CV2138-B, 2004 WL 3019097, at *5 (N.D. Tex. Dec. 28, 2004) ("Plaintiffs may not amend their Complaint through briefs submitted in response to KPMG's motion to dismiss."). Plaintiff lacks standing to sue on behalf of the Company for alleged activities and injuries that occurred before she allegedly purchased stock in February 2017. (*See* Mot. 5.) In other words, Plaintiff's reliance on alleged wrongdoing that occurred **before** the Relevant Period directly implicates her standing as a derivative plaintiff, and she cannot avoid these implications (and dismissal of the Complaint on this ground) by only raising the allegations in a responsive brief.

Nor can Plaintiff salvage her Complaint by relying on the complaint in the Section 11 Class Action —which covers a different period of time, involves different claims, and is subject to a pending motion to dismiss. (*See* Opp. 16.) The operative complaint in the Section 11 Class Action was filed **after** Defendants' Motion to Dismiss in this case and months after Plaintiff filed the Complaint. (*See* Opp. 16.) Plaintiff cannot incorporate allegations from a subsequently filed complaint, and even if she could, she cannot adopt a pleading in a different action wholesale merely by referencing it. *See Muttathottil v. Mansfield*, 381 F. App'x 454, 457 (5th Cir. 2010) (holding that a plaintiff cannot adopt a pleading "in a *separate action in a different court* by mere reference") (emphasis in original).[16]

---

[16] Plaintiff's purported reliance on the Section 11 Class Action also fails because the allegations therein are similarly without merit, and all defendants have moved to dismiss the amended complaint in its entirety. *See* Mots. Dismiss, *In re Forterra Inc. Sec. Litig.*, No. 3:18-cv-01957-K, ECF Nos. 107, 110. Moreover, the class action plaintiffs

2.  <u>Plaintiff Fails to Establish a Substantial Likelihood of Liability</u>.

The Opposition fares no better in arguing that demand should be excused because the directors are exposed to a "substantial likelihood of liability." (Opp. 17.) To excuse demand on this basis, Plaintiff was required to plead facts, on a director-by-director basis, that satisfy a heightened standard of particularity and establish that the risk of liability is **substantial**. *See Spellman v. Katz*, No. 1838-VCN, 2009 WL 418302, at *6 (Del. Ch. Feb. 6, 2009). The allegations in the Complaint fall well short of this demanding standard.[17]

*<u>**Plaintiff cannot rely on the existence of a separate class action**</u>.* First, the Opposition attempts to sidestep the Complaint's deficiencies by arguing that a separate Section 11 Class Action lawsuit "intuitively" establishes a "substantial likelihood of liability" and thereby relieves her of the burden to plead particularized facts on a director-by-director basis. (Opp. 17.)

**Plaintiff does not cite a single case from Delaware to support this position because it is not the law**. Delaware courts consistently reject this argument on the ground that it "is merely . . . a slightly altered version of the discredited refrain—'you can't expect directors to sue themselves.'" *Seminaris v. Landa*, 662 A.2d 1350, 1355 (Del. Ch. 1995).

*<u>**Plaintiff's claims for wrongful dissemination of information fail**</u>.* Second, Plaintiff summarily argues that she established director interest based on her claims that the directors allegedly breached their duty of loyalty by disseminating false information. This claim fails for two reasons. First, the Complaint does not include particularized factual allegations on a director-by-director basis that any individual director acted in bad faith or with the purpose of

---

[17] specifically disclaim any allegation based on fraud or intentional misconduct, and thus such allegations do not support Plaintiff's assertion that Lone Star caused the Company to misstate its financials to create a liquid market to sell Forterra stock. *See* Am. Compl. ¶ 98, *In re Forterra Inc. Sec. Litig.*, No. 3:18-cv-01957-K, ECF No. 104.

[17] Because the Complaint fails to include particularized factual allegations on a director-by-director basis sufficient to state a claim against any of the directors individually, Plaintiff cannot rely on the argument that Lone Star was interested because it "employed a majority of and hand-selected all members of the Forterra Board." (Opp. 17.)

deliberately misinforming stockholders.  (*See* Mot. 17.)  Second, Plaintiff fails to plead any facts

to support individual reliance, which is a necessary element of such a claim.  (*See* Mot. 17.)  The

Opposition makes no effort to address these issues and instead recites conclusory allegations

from the Complaint.  (*See* Opp. 21.)  These allegations are insufficient to state a claim based on

alleged dissemination of false information and therefore fail to establish that the Director

Defendants face a substantial likelihood of liability.

     ***Plaintiff's* Caremark *claims fail.***  Third, Plaintiff takes a similarly half-hearted approach

to defending her *Caremark* claims—*i.e.*, her claims that the directors breached their duties of

loyalty by failing to exercise oversight.  Plaintiff's *Caremark* claims fail because she did not

meet the exceedingly heavy burden of pleading "particularized facts that demonstrate that the

directors acted with scienter; *i.e.*, that there was an intentional dereliction of duty or a conscious

disregard for their responsibilities, amounting to bad faith."  *In re Goldman Sachs Grp., Inc.*

*S'holder Derivative Litig.*, No. 5215-VCG, 2011 WL 4826104, at *12 (Del. Ch. Oct. 12, 2011).

     Plaintiff's only response is to recite allegations that a former employee filed an OSHA

complaint in June 2017, which Plaintiff alleges was a "red flag" that put the Company on notice

of wrongdoing.  (Opp. 22-23.)  But these allegations are nowhere near sufficient to constitute the

type of "red flags" necessary to establish *Caremark* liability.  To do so, Plaintiff was required to

plead particularized "facts showing that the board ever was aware that [the company's] internal

controls were inadequate, that these inadequacies would result in illegal activity, and that the

board chose to do nothing about problems it allegedly knew existed."  *See Stone v. Ritter*, 911

A.2d 362, 370 (Del. 2006).  Here, there are no particularized allegations regarding what the

OSHA complaint alleged, what any individual director was told about it, or what the Board did

in response.  Indeed, there is nothing beyond conclusory allegations that any director even

received the complaint or had knowledge of it.  *See In re Citigroup Inc. S'holders Litig.*, No.

19827, 2003 WL 21384599, at *2 (Del. Ch. June 5, 2003) ("'Red flags' are only useful when they are either waved in one's face or displayed so that they are visible to the careful observer."). Plaintiff's modified *Caremark* claim is based on speculation and should be accorded no weight.

***Plaintiff's waste claim fails***.  Plaintiff also fails to establish that the Director Defendants face a substantial likelihood of liability based on the claim of corporate waste.  A plaintiff claiming corporate waste bears an exceedingly heavy burden and must plead particularized facts "that the board's decision was so egregious or irrational that it could not have been based on a valid assessment of the corporation's best interests." *Wilkin v. Narachi*, No. CV 12412-VCMR, 2018 WL 1100372, at *14 (Del. Ch. Feb. 28, 2018).  Plaintiff's bare allegation that the former CFO's severance payment was excessive because it was "valued at more than $1 million" falls well short of meeting this demanding standard.  (Compl. ¶ 63); *see Brehm*, 746 A.2d at 265-66. Because Plaintiff pleads no particularized facts establishing that such payment was so egregious or irrational that it could not have been in the corporation's best interest, her claim fails and provides no support for her argument that the directors are interested based on an alleged substantial likelihood of liability.[18]

### III.   CONCLUSION

For the foregoing reasons, Nominal Defendant Forterra and the Individual Defendants respectfully request that the Court dismiss Plaintiff's Complaint under the doctrine of *forum non conveniens* or, in the alternative, for failure to adequately plead demand futility under Rule 23.1 and failure to state a claim upon which relief can be granted under Rule 12(b)(6).

---

[18] Plaintiff's reliance on *In re INFOUSA, Inc. Shareholders Litig.*, 953 A.2d 963 (Del. Ch. 2007), is misplaced. There, the court held that the plaintiffs adequately alleged corporate waste where the complaint "overflow[ed] with detail" and "present[ed] a vast, gaudy panoply of gilded excess, expressed either through frequent and allegedly unquestioned related-party transactions or through payments made directly for the benefit of [the controlling stockholder] and his family." *Id.* at 975.  Such allegations present a stark contrast to the conclusory and speculative allegations in the Complaint.

Dated: March 8, 2019                      Respectfully submitted,


/s/ M. Scott Barnard                      /s/ Angela C. Zambrano
M. Scott Barnard                          Yvette Ostolaza
Texas Bar No. 24001690                    Texas Bar No. 00784703
Michelle A Reed                           Angela C. Zambrano
Texas Bar No. 24041758                    Texas Bar No. 24003157
Daniel S. Park                            Yolanda C. Garcia
Texas Bar No. 24104063                    Texas Bar No. 24012457
Erin M. Brewer
Texas Bar No. 24106963                    SIDLEY AUSTIN LLP
                                          2021 McKinney Avenue, Suite 2000
AKIN GUMP STRAUSS HAUER & FELD            Dallas, Texas 75201
LLP                                       Telephone:  (214) 981-3300
2300 N. Field St., Suite 1800             Facsimile:  (214) 981-3400
Dallas, Texas 75201                       Email:  Yvette.ostolaza@sidley.com
Telephone:  (214) 969-2800                Email:  Angela.zambrano@sidley.com
Facsimile:  (214) 969-4343                Email:  Ygarcia@sidley.com
Email:  sbarnard@akingump.com
Email:  mreed@akingump.com                *Attorneys for Nominal Defendant Forterra,*
Email:  dspark@akingump.com               *Inc., and Individual Defendants Jeffrey*
Email:  erin.brewer@akingump.com          *Bradley, Lori M. Browne, Kyle S. Volluz,*
                                          *Kevin Barner, Robert Corcoran, Samuel D.*
                                          *Loughlin, Clint McDonnough, John*
*Attorneys for William Matthew Brown*      *McPherson, Chris Meyer, Chadwick Suss,*
                                          *and Grant Wilbeck*


## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2019, I electronically filed the above Reply in Support of

Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will automatically

send email notification of such filing to all attorneys of record.


                                          /s/ Angela C. Zambrano
                                          Angela C. Zambrano