IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NANCY G. MALONEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. **3:18-CV-01980-L** |
| FORTERRA INC., JEFFREY K. BRADLEY, W. MATTHEW BROWN, LORI M. BROWNE, WILLIAM KERFIN, KYLE S. VOLLUZ, KEVIN BARNER, ROBERT CORCORAN, SAMUEL D. LOUGHLIN, CLIENT MCDONNOUGH, JOHN MCPHERSON, CHRIS MEYER, JACQUES SARRAZIN, CHADWICK S. SUSS, and GRANT WILBECK, | § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendants' Motion to Dismiss for *Forum Non Conveniens*, Failure to Make a Pre-Suit Demand Pursuant to Rule 23.1, and Failure to State a Claim Pursuant to Rule 12(b)(6) (Doc. 19), filed November 16, 2018; Plaintiff's Opposition to Defendants' Motion to Dismiss for *Forum Non Conveniens*, Failure to Make a Pre-Suit Demand Pursuant to Rule 23.1, and Failure to State a Claim Pursuant to Rule 12(b)(6) (Doc. 24), filed January 22, 2019; Defendants' Reply in Support of Motion to Dismiss for *Forum Non Conveniens*, Failure to Make a Pre-Suit Demand Pursuant to Rule 23.1, and Failure to State a Claim Pursuant to Rule 12(b)(6) (Doc. 28), filed March 8, 2019; Defendant William Kerfin's Motion to Dismiss and Brief in Support (Doc. 22), filed November 16, 2018; Plaintiff's Opposition to Defendant William Kerfin's Motion to Dismiss (Doc. 25), filed January 22, 2019; Defendant William Kerfin's Reply Brief in

Support of the Motion to Dismiss (Doc. 29), filed March 8, 2019; Plaintiff's Notice of Recent Authority in Support of Plaintiff's Opposition to Defendant William Kerfin's Motion to Dismiss (Doc. 30), filed April 9, 2019; and Defendant William Kerfin's Response to Notice of Recent Authority in Support of Plaintiff's Opposition to Defendant William Kerfin's Motion to Dismiss (Doc. 31), filed April 15, 2019.

After careful consideration of the motions, briefs, pleadings, and applicable authority, the court **grants** Defendants' Motion to Dismiss for *Forum Non Conveniens* (Doc. 19); **denies as moot** Defendants' Motion to Dismiss for Failure to Make a Pre-Suit Demand Pursuant to Rule 23.1 and Failure to State a Claim Pursuant to Rule 12(b)(6) (Doc. 19); **grants** Defendant William Kerfin's Motion to Dismiss (Doc. 22) in so far as it joins and incorporates Defendants' Motion to Dismiss for *Forum Non Conveniens* but **denies as moot** the motion to the extent it moves for dismissal on the basis of other procedural grounds; and **dismisses without prejudice** this action.

## I. Factual and Procedural Background

On July 31, 2018, Nancy G. Maloney ("Plaintiff" or "Maloney") filed this shareholder derivative complaint (the "Complaint") against Forterra, Inc. ("Forterra"), members of its board of directors, and current and former directors and senior executives (collectively, "Defendants"), asserting claims for breach of fiduciary duties, constructive fraud, corporate waste, and unjust enrichment. The Complaint alleges that this action:

> arises out of a scheme and wrongful course of business that took place between March 2017 and August 2017 whereby defendants caused Forterra to materially overstate its publicly reported financial results in violation of Generally Accepted Accounting Principles; make other materially false and misleading statements and omissions; facilitate the false financial reporting by operating without effective internal controls; file false and misleading statements with the SEC [United States Securities and Exchange Commission]; and permit certain of its current and former executives to profit from this misconduct by pegging the payment

> of their cash bonuses to falsely reporting otherwise unattainable quarterly and annual financial targets.

Pl.'s Compl., Doc. 1 at 2, ¶ 1.

On March 8, 2019, Defendants, excluding Defendant William Kerfin ("Kerfin"), filed the Motion to Dismiss, seeking dismissal on three grounds: (1) *forum non conveniens*, (2) failure to make a pre-suit demand pursuant to Federal Rule of Civil Procedure 23.1, and (3) failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Kerfin separately filed a motion to dismiss that set forth two grounds: (1) failure to meet the pleading requirements of Federal Rules of Civil Procedure 9(b), 8(a), and 12(b)(6), and (2) failure to set forth the standing requirements to bring a shareholder derivative action. Defendant Kerfin's motion additionally states that he "joins and incorporates in full the other Defendants' Motion to Dismiss," as "[t]he same arguments made therein apply equally well to Kerfin's defense: Forterra's Amended and Restated Certificate of Incorporation requires that this dispute be heard in Delaware Court of Chancery and Plaintiff has failed to adequately plead demand futility." Kerfin's Mot. to Dismiss, Doc. 22 at 3.

For the reasons set forth herein, the court determines that Defendants' and Kerfin's Motions to Dismiss should be granted based on the doctrine of *forum non conveniens*. The court, accordingly, will not address the other grounds for dismissal raised in Defendants' and Kerfin's motions.

Defendants argue that Forterra's Amended and Restated Certificate of Incorporation, filed October 7, 2016, includes a forum-selection clause that requires Maloney to bring this action in a Delaware state court. Defs.' Mot. to Dismiss, Doc. 19 at 11-15. Defendants argue that, pursuant to the forum-selection clause and the Supreme Court's holding in *Atlantic Marine Construction Company v. United States District Court for Western District of Texas*, 571 U.S. 49 (2013), this

**Memorandum Opinion and Order – Page 3**

case requires adjudication in a Delaware state court and should be dismissed based on *forum non conveniens*. *Id.*

In response, Maloney argues that Defendants erroneously seek dismissal and that the proper procedural mechanism to enforce the forum-selection clause is through the transfer provision set forth in 28 U.S.C. § 1404(a). Pl.'s Opp'n, Doc. 24 at 13. Maloney argues that her choice of forum should be given deference and that the § 1404(a) factors militate against a transfer. *Id.* at 14, 16. She also argues that the forum-selection clause is non-mandatory by its own terms, and notes that Defendants, in a separate federal securities class action pending in the Northern District of Texas,[1] argued that venue was proper in this district with respect to that case.[2]

The forum-selection clause in Section 13.1 of Article XIII of the Amended and Restated Certificate of Incorporation states in part:

> Section 13.1 Forum. Unless the Corporation consents in writing to the selection of an alternative forum, to the fullest extent permitted by law, and subject to applicable jurisdictional requirements, the sole and exclusive forum for any stockholder (including any beneficial owner) to bring internal corporate claims (as defined below) shall be a state court located within the State of Delaware (or, if no state court located within the State of Delaware has jurisdiction, the federal district court for the District of Delaware). For purposes of this Article XIII, "internal corporate claims" means claims, including claims in the right of the Corporation: (a) that are based upon a violation of a duty by a current or former director, officer, employee or stockholder in such capacity, or (b) as to which the DGCL [Delaware General Corporate Law] confers jurisdiction upon the Court of Chancery.

Defs.' App., Doc. 20 at 11.

---

[1] The federal securities action is styled as *In re Forterra Inc. Sec. Litig.*, Case No. 3:18-cv-01957-K.

[2] In her opposition to Defendants' Motion to Dismiss, Maloney requests oral argument. The court, however, does not grant a request for oral argument on a motion to dismiss as a matter of course, and, after reviewing the written submissions and applicable authority, determines that a hearing is not necessary to resolve the motions.

**Memorandum Opinion and Order – Page 4**

## II. Standard for Dismissal Based on *Forum Non Conveniens*

In *Atlantic Marine*, the Supreme Court clarified that the proper procedural mechanism for enforcing a forum-selection clause that calls for litigation in a domestic state court is through a motion to dismiss on grounds of *forum non conveniens*. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016) (citing *Atlantic Marine*, 571 U.S. at 60). The court expressly held that the transfer provision under 28 U.S.C. § 1404(a) provides a mechanism for enforcement of forum-selection clauses only when the clause points to a particular federal district court. *Atlantic Marine*, 571 U.S. at 59. The court explained that the private-and public-interest factors relevant in a § 1404(a) motion are relevant to deciding a motion to dismiss on grounds of *forum non conveniens*; however, the analysis is "dramatically alter[ed]" when the parties are bound to a valid forum-selection clause calling for litigation in a domestic state court. *Weber*, 811 F.3d at 767 (discussing *Atlantic Marine*).

A court reviewing a dismissal for *forum non conveniens* based on a mandatory, enforceable forum-selection clause "should not consider the private-interest factors" because "the parties have contracted for a specific forum, [and in doing so] they 'waive the right to challenge their preselected forum as inconvenient.'" *Weber*, 811 F.3d at 767 (quoting *Atlantic Marine*, 571 U.S. at 64).[3] Moreover, "the plaintiff's choice of forum 'merits no weight'; instead he [or she] has the burden of establishing that a . . . [*forum non conveniens*] dismissal is unwarranted." *Id.* (quoting *Atlantic Marine*, 571 U.S. at 63).

The court's analysis, rather, should focus only on public-interest factors. *Atlantic Marine*, 571 U.S. at 64. "Because those factors will rarely defeat a transfer motion, the practical result is

---

[3] The private-interest factors include: (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

that forum-selection clauses should control except in unusual cases." *Id*. The public-interest factors include:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co v. Reyno*, 454 U.S. at 241 n.6).

Before considering the public-interest factors, a court's threshold determination is whether the forum selection clause at issue is mandatory and enforceable. "Only mandatory clauses justify . . . dismissal." *Weber*, 811 F.3d at 768. A forum-selection clause is mandatory "only if it contains clear language specifying that litigation *must* occur in the specified forum—and language merely indicating that the courts of a particular place 'shall have jurisdiction' (or similar) is insufficient to make [it] mandatory." *Id*.

The Fifth Circuit applies a strong presumption in favor of the enforcement of mandatory forum-selection clauses. *Weber*, 811 F.3d at 773 (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 962-63 (5th Cir. 1997)). "The presumption of enforceability may be overcome, however, by a clear showing that the clause is 'unreasonable' under the circumstances." *Haynsworth*, 121 F.3d at 963 (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). "Unreasonableness potentially exists when:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Id.* (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *The Bremen*, 407 U.S. at 12-13, 15, 18).

III. Analysis

As a preliminary matter, the court addresses the parties' disagreement over whether Defendants properly moved for dismissal on the basis of *forum non conveniens*. Maloney argues that dismissal is not the appropriate relief and that, instead, Defendants should have moved to transfer pursuant to 28 U.S.C. § 1404(a). Pl.'s Opp'n, Doc. 24 at 12. Maloney's argument, however, wholly contravenes the Court's holding in *Atlantic Marine*, wherein it expressly stated that dismissal based on *forum non conveniens* is the appropriate procedural mechanism to enforce a forum-selection clause that calls for litigation in a domestic state court. *Atlantic Marine*, 571 U.S. at 60 ("[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*. Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system[.]") In this case, Defendants seek to enforce a forum-selection clause that calls for litigation in a Delaware state court and, therefore, they properly move for dismissal based on the doctrine of *forum non conveniens*.[4] The court's holding in *Atlantic Marine* expressly rejects Maloney's position that a § 1404(a) motion to transfer is appropriate here, as that

---

[4] Both parties agree that a dismissal under Federal Rule of 12(b)(3) ("Rule 12(b)(3)") would be improper in this case. Pl.'s Opp'n, Doc. 24 at 13 n.5; Defs.' Reply, Doc. 28 at 6 n.4. Defendants expressly did not move to dismiss under either Rule 12(b)(3) or 28 U.S.C. § 1406(a), both of which apply when a defendant seeks dismissal on the grounds that venue is "wrong" or "improper." As noted by the Court in *Atlantic Marine*, whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws—which is an inquiry unrelated to whether the parties are bound by a contract containing a forum-selection clause that warrants transfer or dismissal. *Atlantic Marine*, 571 U.S. at 55 (noting that the special statutory terms of "venue" and "forum" should not be improperly conflated). The court emphasizes this distinction because Maloney makes several arguments in her Response that venue is proper in this district. Whether venue is proper in this district under the relevant federal venue laws is not before the court; rather, the court's inquiry is whether the forum-selection clause in the Amended and Restated Certificate of Incorporation is mandatory and enforceable, and warrants dismissal of the action pursuant to the guidance set forth in *Atlantic Marine*.

**Memorandum Opinion and Order – Page 7**

provision only applies when the forum-selection clause seeks to transfer a case to a federal district court.

Although the issue is not in dispute, the court also notes as a preliminary matter that the forum-selection clause in the Amended and Restated Certificate of Incorporation is binding on Maloney. In their briefs, the parties agree that Delaware law applies in this action. Delaware law treats both the certificate of incorporation and bylaws of a Delaware corporation as a contract between the corporation and its shareholders. *Boilermakers Local 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934, 939-40 (Del. Ch. 2013); *Airgas, Inc. v. Air Products & Chemicals, Inc.*, 8 A.3d 1182, 1188 (Del. 2010); *Waggoner v. Laster*, 581 A.2d 1127, 1134 (Del. 1990) ("A certificate of incorporation is viewed as a contract among shareholders, and general rules of contract interpretation apply to its terms.") (citations omitted). In shareholder derivative actions, federal district courts have relied upon this principle of law in determining the enforceability of a forum-selection clause contained in a Delaware corporation's certificate of incorporation or bylaws. *See, e.g., Billard v. Angrick*, 220 F. Supp. 3d 132, 138 n.6 (D.D.C. 2016); *Butorin On Behalf of KBR Inc. v. Blount*, 106 F. Supp. 3d 833, 840-43 (S.D. Tex. 2015); *North v. McNamara*, 47 F. Supp. 3d 635, 642-43 (S.D. Ohio 2014); *In re: CytRx Corp. Stockholder Derivative Litigation*, No. CV-14-6414-GHK (PJWx), 2015 WL 9871275, at *4 (C.D. Ca. Oct. 30, 2015). The court finds these authorities well-reasoned and persuasive. Moreover, the court has found no authority to the contrary that relies upon Delaware law. In light of this authority, the court determines that the Amended and Restated Certificate of Incorporation, filed on October 7, 2016, is legally binding on Maloney, who purchased Forterra common stock on February 17, 2017, when the relevant certificate of incorporation was in effect. Pl.'s Compl., Doc. 1 at 4, ¶ 7; Defs.' Mot. to Dismiss, Doc. 19 at 11. Notwithstanding the court's determination based on the relevant authority, Maloney

has not raised this as an issue, and the court reasonably infers that she concedes that the certificate is binding on her. If it is not binding, she would have an obligation to so argue. As she has not done so, the court determines that she has waived this issue.

Turning to the threshold analysis of whether the forum-selection clause is mandatory and enforceable, the court determines that the clear language of Section 13.1 of the Amended and Restated Certificate of Incorporation is mandatory. It specifies that litigation must occur in a "state court located within the State of Delaware" if a stockholder brings an internal corporate claim, defined in part as a claim "that [is] based upon a violation of a duty by a current or former director, officer, employee or stockholder in such capacity." Defs.' App., Doc. 20 at 11. The clear language states that, to bring an internal corporate claim as defined by this section, the "sole and exclusive forum for any stockholder" "shall be a state court located within the State of Delaware." *Id*. The court determines that this language is unequivocally mandatory and designates that a Delaware state court is the mandatory forum for a shareholder derivative action "based upon a violation of a duty by a current or former director, officer, employee or stockholder in such capacity." In this case, Maloney's claims fall within this category, as she asserts claims for breach of fiduciary duties, constructive fraud, corporate waste, and unjust enrichment, the allegations in support of which arise out of the alleged violations by certain of Forterra's board members and directors of their "duty to exercise a high degree of care, loyalty and diligence in the management and administration of the affairs of the Company, as well as in the use and preservation of its property assets." Pl.'s Compl. Doc. 1 at 8-9. In her Response, Maloney does not dispute that the claims asserted in the Complaint fall within the category of "internal corporate claims" as defined by the forum-selection clause. The court, accordingly, has no pause in concluding that Section 13.1 of the Amended and Restated Certificate of Incorporation affirmatively requires that a stockholder

derivative action that brings "internal corporate claims" must be filed in a designated forum, namely, the state of Delaware. *See Weber*, 811 F.3d at 768 ("A mandatory [forum-selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum.") The section further provides that, if no Delaware state court has jurisdiction to hear the action, then the case must be filed in a federal district for the *District of Delaware*. Defs.' App., Doc. 20 at 11.

Maloney argues that the forum-selection clause is not mandatory because it: (1) "does not apply unless all defendants are subject to personal jurisdiction in Delaware"; (2) "expressly provides that derivative actions like this may be filed in both state and federal court" and (3) "expressly provides that an 'action the subject matter of which is within the scope of this' [forum selection clause] may be 'filed in a court other than a state court located within the State of Delaware.'" Pl.'s Opp'n, Doc. 24 at 15. Maloney further argues that the clause is not mandatory because Defendants, in the federal securities action pending in the Northern District, argued that venue was proper in this district.[5]

First, as previously discussed, whether venue in this district is proper does not bear on the issue of whether the forum-selection clause should be enforced and warrant dismissal of this action. Moreover, to the extent Maloney relies on venue-related arguments advanced by Defendants in the federal securities actions, that litigation is not subject to a contractual forum-selection clause designating Delaware state court as the parties' agreed forum, as noted by Defendants in their Reply. Defs.' Reply, Doc. 28 at 6-7 (citing Pl.'s App., Doc. 26 at 35-42, 170-74).

---

[5] In support of this argument, Maloney relies on *Insurance Co. of N. Am. v. Ozean/Stinnes-Linien*, 367 F.2d 224 (5th Cir. 1966). That case did not involve a forum-selection clause, relied solely on an analysis of the private-interest factors relevant to a § 1404(a) analysis, and is, therefore, factually and procedurally inapposite.

**Memorandum Opinion and Order – Page 10**

Second, the court does not believe that Maloney's interpretation of the forum-selection clause renders it merely permissive. With respect to its jurisdictional limitations, the forum-clause acknowledges that its enforceability is "subject to applicable jurisdictional requirements." Defs.' App., Doc. 20 at 11. Maloney has not argued that Defendants are not subject to a Delaware state court's jurisdiction such that the court can determine that the forum-selection clause's jurisdictional prerequisite precludes its enforcement. She merely states, in speculative fashion, that "it is not clear that all Defendants are subject to personal jurisdiction in Delaware." Pl.'s Opp'n, Doc. 24 at 18. Moreover, Delaware statutory law authorizes a certificate of incorporation to "*require*, consistent with applicable jurisdictional requirements, that any or all internal corporate claims shall be brought solely and exclusively in any or all of the courts in this State." 8 Del. C. § 115 (emphasis added). The jurisdictional limitations acknowledged in the Delaware statute do not undermine the clear authority it confers on a corporation to include a mandatory forum-selection clause in its certificate of incorporation.

With respect to Maloney's argument that the clause allows concurrent jurisdiction in state and federal court, the court disagrees with her interpretation of the clause's plain language. Section 13.1 states that, if an action subject to the forum-selection clause is filed in a court other than a Delaware state court, the stockholder "shall be deemed to have consented to . . . the personal jurisdiction of the state and federal courts located within the State of Delaware in connection with any action brought in any such court *to enforce this Article XIII*." Defs.' App., Doc. 20 at 11. Article XIII encompasses the forum-selection clause. Stated simply, the language relied upon by Maloney provides that a shareholder submits to the personal jurisdiction of a federal court in *Delaware* tasked with deciding the *enforceability* of the forum-selection clause. Contrary to

Maloney's interpretation, this language reinforces the court's determination that the forum-selection clause is mandatory.

Moreover, Delaware courts accord deference to forum-selection clauses unless "enforcement would be unreasonable and unjust under the circumstances" or "if the forum selection clause was procured by fraudulent inducement." *Prestancia Mgmt. Grp., Inc. v. Virginia Heritage Found., II LLC*, Civ. A. 1032-S, 2005 WL 1364616, at *6 n. 54 (Del. Ch. May 27, 2005) (citation and quotation marks omitted). Maloney has not set forth any allegations that either of these exceptions applies.

Upon determining a forum-selection clause is mandatory, the court applies a strong presumption in favor of enforcement, unless the opposing party provides a "clear showing that the clause is unreasonable under the circumstances." *Weber*, 811 F.3d at 773 (quoting *Haynsworth*, 121 F.3d at 962-63) (internal quotation marks omitted). In this case, Maloney has not shown the court that the forum-selection clause in the Amended and Restated Certificate of Incorporation is unreasonable, namely, by showing that it was the product of fraud or overreaching, that she will be "deprived of [her] day in court" due to the inconvenience of unfairness of the selected forum, the chosen law of the forum is so "fundamentally unfair" such that it will deprive Maloney of a remedy, or the enforcement of the forum-selection clause would contravene a strong public policy of Delaware. *See Haynsworth*, 121 F.3d at 963 (citation omitted). Accordingly, the court determines that Maloney has not rebutted the presumption of enforceability afforded to a mandatory forum-selection clause.

Having determined that the forum-selection clause is mandatory and enforceable, the court turns to the analysis set forth in *Atlantic Marine* as to whether dismissal based on *forum non conveniens* is warranted. In arguing that dismissal is not warranted, Maloney states that the court

should grant deference to her choice of forum as Plaintiff. Pl.'s Opp'n, Doc. 24 at 14. As noted by *Atlantic Marine*, however, "the plaintiff's choice of forum 'merits no weight'; instead he [or she] has the burden of establishing that a . . . [*forum non conveniens*] dismissal is unwarranted." *Weber*, 811 F.3d at 767 (quoting *Atlantic Marine*, 571 U.S. at 63). Rather, a court "should consider *only* public-interest factors." *Atlantic Marine*, 571 U.S. at 633.

A party seeking to avoid enforcement of the forum-selection clause has a "high burden of persuasion" to show that the public interest factors weigh against enforcement. Focusing only on the public interest factors discussed in the Response, the court determines that Maloney has not met this high burden of persuasion. With respect to the factor regarding the administrative difficulties flowing from court congestion, Maloney states that, in the Northern District of Texas, the median time from filing a civil complaint to proceeding to trial is 28 months, as compared to 28.7 months in the *District of Delaware*, which is a difference so small that it is of no meaningful consequence. Maloney does not draw a comparison between this district and the relevant forum of the Delaware state court system. Further, she does not adequately address the other public interest factors set forth in *In re Volkswagen AG*, which include "the local interest in having localized controversies decided at home"; "the familiarity of the forum with the law that will govern the case"; and "the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft*, 454 U.S. at 241 n.6), The court determines, therefore, that Maloney has failed to meet her high burden of persuasion to show that the mandatory and enforceable forum-selection clause should not warrant dismissal based on *forum non conveniens* per the Supreme Court's guidance in *Atlantic Marine*. As the court determines that the forum-selection clause in the Amended and Restated Certificate of Incorporation is mandatory and enforceable, and that no overwhelming public interest requires

retention of this action in Texas, the court **dismisses without prejudice** this action based on *forum non conveniens*.

## IV. Conclusion

For the reasons herein stated, the court the court **grants** Defendants' Motion to Dismiss for *Forum Non Conveniens* (Doc. 19); **denies as moot** Defendants' Motion to Dismiss for Failure to Make a Pre-Suit Demand Pursuant to Rule 23.1 and Failure to State a Claim Pursuant to Rule 12(b)(6) (Doc. 19); **grants** Defendant William Kerfin's Motion to Dismiss (Doc. 22) in so far as it joins and incorporates Defendants' Motion to Dismiss for *Forum Non Conveniens* but **denies as moot** the motion to the extent it moves for dismissal on the basis of other procedural grounds; and **dismisses without prejudice** this action.

**It is so ordered** this 30th day of July, 2019.

Sam A. Lindsay
United States District Judge